UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUU DUY LUONG,<br><br>　　　　Defendant. | No. 2:25-cv-01561 DJC CKD (PS)<br><br><br>(ECF No. 9) |

Plaintiff Oscar Ramos, proceeding with counsel, filed this action against defendant Huu Duy Luong on June 4, 2025, under the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.). (ECF No. 1.) Defendant Luong is proceeding pro se.[1] Plaintiff filed an Answer to the Complaint on June 17, 2025. (ECF No. 5.) Presently before the Court is plaintiff's motion to strike defendant's answer to the Complaint. (ECF No. 9.) Defendant filed an untimely opposition (ECF No. 12), and the Court took the matter under submission without oral argument pursuant to Local Rule 230(c). (ECF No. 11.) For the reasons set forth below, plaintiff's motion should be DENIED.

**I.　Background**

Plaintiff brings this action against defendant Luong, who operates a business named

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

"China Place" in Fairfield, California. (ECF No. 1 at 2.) Plaintiff alleges that he is a "physically handicapped person," "a physically disabled person," and a "person with a disability" as defined by applicable California and federal law. (Id. at 3.) Plaintiff has no legs due to a catastrophic accident and uses a wheelchair. (Id.) Plaintiff further alleges defendant failed to provide proper and accessible entryways and accessible accommodation. (Id.) Specifically, plaintiff states the "service counter for sales and take-out was more than 36 inches high, and more than 34 inches high, and there was no compliant counter area 36 inches wide."[2] (Id. at 2.) Plaintiff states the path and doorway to the restroom was "too narrow" due to clutter and storage shelves that intruded into the path of travel. (Id.)

On June 17, 2025, defendant filed an Answer to the Complaint, stating that China Palace fixed the counter height and removed the shelves next to the restroom. (ECF No. 5 at 1.) Plaintiff moves to strike defendant's answer because the answer does not contain any of the elements of a properly pled answer and defendant has not stated any affirmative defense. (ECF No. 9 at 6.) Plaintiff argues that allegations that items were fixed are vague and without sufficient facts to permit plaintiff to evaluate them. (Id.)

## II.     Legal Standards

Under Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Although a defectively pled affirmative defense can be stricken under Rule 12(f), which authorizes the removal of "an insufficient defense," motions to strike such defenses are "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Brooks v. Bevmo! Inc., 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (citing Dodson v. Gold Country Foods, Inc., 2013 WL 5970410, at *1 (E.D. Cal. Nov. 4, 2013)). "Accordingly, courts often require a showing of prejudice by the moving party before granting the requested relief." Id. (citing Vogel v. Linden Optometry APC, 2013 WL

---

[2] As to the "service counter for sales and take-out" it is unclear whether there were two separate counters or whether the two height dimensions listed are a typographical error.

2

1831686 at * 2 (C.D. Cal. Apr. 30, 2013)). "Where no such prejudice is demonstrated, motions to strike may therefore be denied 'even though the offending matter was literally within one or more of the categories set forth in Rule 12(f).'" Id. (citing N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." Id. (citing California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

### III. Discussion

Here, plaintiff moves to strike defendant's answer because defendant's statements about "fixes" are "insufficiently pleaded" and "fail to give the plaintiff fair notice of the nature of the defense" and do "not put a plaintiff on notice of the underlying factual basis of the defense." (ECF No. 9 at 6.) However, plaintiff has failed to show that he suffered prejudice from defendant's answer. See Brooks, 2021 WL 3602152, at *1. Plaintiff's arguments are insufficient, particularly since motions to strike affirmative defenses are not favored. See Brooks, 2021 WL 3602152, at *1. Accordingly, plaintiff's motion to strike defendant's answer is denied.

### IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to strike defendant's answer (ECF No. 9) is DENIED.

Further, plaintiff indicates in his motion to strike that there has been communication between the parties. (ECF No. 9 at 7.) The Court believes that a settlement conference may be helpful in this situation. Should the parties wish to conduct a settlement conference with another magistrate judge, they are to contact the undersigned's courtroom deputy clerk, Lisa Kennison, at lkennison@caed.uscourts.gov, to inquire as to the availability of another magistrate judge for a settlement conference.

Dated: December 15, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, ramo.1561.25